UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAIQUAN K. FALLS,

                Plaintiff,

-against-

POLICE OFFICER RICARDO RIVERA;
POLICE OFFICER JOHN THOMAS,

                Defendants.

1:19-CV-3525 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, who is currently incarcerated in the Collins Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983.[1] He asserts § 1983 claims of malicious prosecution and he seeks damages and declaratory relief. He sues Newburgh Police Officers Ricardo Rivera and John Thomas. By order dated October 2, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[2] For the reasons discussed below, the Court dismisses this action.

**STANDARD OF REVIEW**

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates

---

[1] Plaintiff filed his complaint while he was incarcerated in the Orleans Correctional Facility.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff makes the following allegations: On November 14, 2014, Police Officers Rivera and Thomas arrested Plaintiff after his mother reported that he had injured her. Rivera filed a criminal complaint charging Plaintiff with robbery in the second degree. On or about the next day, November 15, 2014, Plaintiff was arraigned in the City Court of Newburgh on charges of robbery in the second degree and harassment in the second degree. The court then remanded him to the Orange County Jail.

On February 14, 2015, Plaintiff was released on his own recognizance. With the prosecutor's consent, the City Court reduced the robbery charge to petit larceny on March 3, 2015.[3] Later that day, a prosecutor filed an information charging Plaintiff with petit larceny and harassment in the second degree. On April 21, 2015, the City Court adjourned Plaintiff's criminal action. Exactly one year later, on April 21, 2016, the City Court entered an order dismissing Plaintiff's criminal action under N.Y. Crim. Proc. Law § 170.55 (an adjournment in contemplation of dismissal ("ACD")).[4]

---

[3] Plaintiff asserts that this constitutes "a favorable termination." (ECF 1, p. 3.)

[4] Plaintiff asserts that under N.Y. Crim. Proc. Law § 160.50(3)(b), his ACD means that his criminal action was "terminated in [his] favor." (ECF 1, p. 3.)

2

## DISCUSSION

**A.  Malicious prosecution**

A § 1983 claim of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Wallace v. Kato*, 549 U.S. 384, 390 (2007) (emphasis in original). To state a § 1983 claim of malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). For the purpose of a § 1983 claim of malicious prosecution, a prosecution terminates in a plaintiff's favor when "the criminal proceedings against him [are] terminated in a manner indicating his innocence." *Lanning v. City of Glen Falls*, 908 F.3d 19, 29 (2d Cir. 2018).

Under New York State law, an ACD constitutes a termination of proceedings in a criminal defendant's favor. N.Y. Crim. Proc. Law § 160.50(3)(b). But the United States Court of Appeals for the Second Circuit has rejected the argument that an ACD under New York State law constitutes a termination "in a manner indicating [a plaintiff's] innocence," *Lanning*, 908 F.3d at 29, for the purpose of a § 1983 claim of malicious prosecution because an ACD "leaves open the question of the accused's guilt," *Fulton*, 289 F.3d at 196 (citing *Singleton v. City of New York*, 632 F.2d 185, 193 (2d Cir. 1980)). Accordingly, because Plaintiff's criminal action did not terminate in his favor, the Court dismisses Plaintiff's § 1983 claims of malicious prosecution for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   October 15, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge